IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HSBC Bank USA, N.A.,  :

    Plaintiff  :  Civil Action 2:09-cv-01135

v.  :

Lawrence Paglioni, *et al.*,  :  Magistrate Judge Abel

    Defendants  :

# ORDER

This matter is before the Court on plaintiff HSBC Bank, USA N.A.'s ("HSBC Bank") March 2, 2010 motion to dismiss defendants Lawrence and Beth Paglioni's counterclaim (doc. 14).

**I.    Background**

This is a foreclosure action. The complaint makes the following allegations. Plaintiff HSBC Bank, N.A. is the holder of a Loan Modification Agreement effective November 1, 2008 that increased the principal balance of $840,000.00 to $947,088.79. The Paglionis have defaulted on the note and loan modification agreement.

The Paglionis have filed a counterclaim that alleges only Lawrence Paglioni signed the original note. The Bank added Beth Paglioni to the loan modification agreement, even though she was not a debtor on the original note. The counterclaim asserts that the Bank provided incompetent, inadequate and inefficient customer

1

service, and failed to offer, or timely offer, affordable, reasonable, and non-coercive mitigation options. Further, the Bank required the Paglionis to sign a loan modification agreement that contained illegal and unfair provisions that are unconscionably one-sided. Claims are pleaded for violations of the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01, *et seq.*, unfair and deceptive loan modification terms in violation of Ohio Revised Code § 1345.02, 1345.03 and 1345.031 and O.A.C. 109:4-3-28(C)(8).

## II. Arguments of the Parties

### A. Plaintiff

Plaintiff argues that defendants' counterclaim is barred by a release and waiver in the Agreement and Modification to avoid foreclosure in a prior action. Plaintiff maintains that defendants are now claiming that the Agreement and Modification is unconscionable in an effort to gain leverage to negotiate another deal and avoid foreclosure once again. Defendants do not, and cannot, allege that the Agreement and Modification were procured through fraud.

Plaintiff maintains that the only claim that defendants assert is fraud in inducement through an unspecified misrepresentation, but a claim for fraud in inducement can only be maintained after the injured party returns or tenders the consideration received in exchange for the release. Plaintiff maintains that its consideration was to forbear taking defendants' property to sheriff's sale after it had obtained judgment against defendants. Plaintiffs maintain that the release provision

was material to the Agreement. Plaintiff argues that in order to maintain this action, defendants would have to return its consideration by agreeing that plaintiff could execute upon its security interest in the real property.

Plaintiff also argues that defendants have acknowledged that (1) they entered into the Agreement voluntarily without duress; (2) they were represented by counsel of their own choice and were fully aware of the contents of the Agreement and its legal effects; and (3) that the attorney signing the Agreement as their legal counsel fully advised them as to their rights with respect to the Agreement, including the releases. Defendants' attorney also signed the Agreement.

Plaintiff also argues that defendants' counterclaim must be dismissed because it fails to allege any facts that meet the two prong test of unconscionability. Plaintiff contends that unconscionability can only be a defense to a contract if it is both substantively and procedurally unconscionable. Plaintiff maintains that a review of the Modification shows that the terms are not commercially unreasonable. The Modification allowed defendants to avoid foreclosure and make their mortgage current. The Modification also converted their mortgage to a low, fixed-interest rate and dropped their monthly payments.

Plaintiff also asserts that the Modification was not procedurally unconscionable. The Agreement and Modification were entered into to resolve defendants' counterclaims. Both parties stood to gain from entering into the Agreement. Defendants

were represented by counsel, who indicated her approval as to the form and content of the Agreement with her signature.

Plaintiff further argues that defendants' OCSPA claim fails because the transaction was not a "consumer transaction" as defined by the statute. The Agreement and Modification were not the result of solicitations by plaintiff. No new obligation was created by the Modification. Instead, the Agreement modified an existing obligation and was not within the scope of the acts that OCSPA was designed to prevent.

**B.     Defendants**

In response to plaintiff's argument that defendants have failed to tender back the consideration defendants received in exchange for foregoing any future cause of action, defendants argue that plaintiff did not pay any consideration to defendants that needs to be returned. Defendants maintain that they entered into the Agreement and Modification as the only means to save their home. Defendants further argue that the Agreement does not contain any statement indicating that the consideration plaintiff provided was to forbear taking defendants' property to sheriff's sale.

Defendants further argue that procedural unconscionability is evidenced by the plaintiff's far greater bargaining power than that of the defendants based because summary judgment had already been granted. Defendants were faced with only two choices: they could either sign the documents or lose their home. Defendants are both over sixty years of age. Beth Paglioni has a high school education, and Larry Paglioni has a bachelor's degree. Counsel for the bank refused to alter any of terms in the

4

Agreement. Although defendants were represented by counsel, the threat of the loss of their home was imminent, and they had no leverage to negotiate better terms.

Defendants also argue that the terms of the contract demonstrate substantive unconscionability. Defendants maintain that the release in the Agreement violated common law principles preventing the release of unknown and future claims. Defendants contend that the release of future claims, which are not even known to the borrower, is not standard in the industry and is clearly unfair. Rather, the industry standard with respect to releases is to waive claims based on prior acts, not future acts. Defendants also argue that adding a bank charge onto the existing mortgages in the house in the amounts of $514,098.55 and $212,927.31 as balloon payments was substantively unconscionable.

Defendants maintain that the Ohio Consumer Sales Practices Act does apply to this transaction because although HSBC Bank is a national bank, plaintiff is suing on behalf of ACE Securities Corp. Home Equity Loan Trust, which is not a national bank. Furthermore, although HSBC Bank was the named plaintiff in the prior foreclosure action, the Settlement and Release Agreement and Loan Modification Agreement were executed by Ocwen Loan Servicing, LLC, a mortgage company. Defendants maintain that mortgage companies are not exempted from the statute.

**III.	Motion to Dismiss**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most

5

favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

**IV.     Discussion**

Under the Ohio Consumer Sales Practices Act, a "consumer transaction" is defined as "a sale, lease, assignment, award by chance, or other transfer of an item of

6

goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." Ohio Rev. Code § 1345.01(A). A consumer transaction does not include

> transactions between persons, defined in section[ ] . . . 5725.01 of the Revised Code, and their customers, except for transactions involving . . . transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers . . . .

*Id.* Section 5725.01 concerns financial institutions, which includes "[a] national bank organized and existing as a national bank association pursuant to the 'National Bank Act,' 12 U.S.C. 21. . . ." Ohio Rev. Code § 5725.01(A)(1). Plaintiff does not meet the definition of a loan officer, mortgage, broker, or nonbank mortgage lender.[1]

In response to plaintiff's argument that it is not subject to the Ohio Consumer Sales Practices Act, defendants contend that a representative of Ocwen Loan Servicing, LLC actually signed the Release Agreement. Defendants contend that Ocwen Loan Servicing must have some interest in the loan, and it is not a national bank. Plaintiffs

---

[1]
> (H)(2) "Loan officer" does not include an employee of a bank . . .organized under the laws of this state, another state, or the United States. . . .
> . . .
> (J)((2) "Mortgage broker" does not include a bank . . . organized under the laws of this state, another state, or the United States . . .
> (K) "Nonbank mortgage lender" means any person that engages in a consumer transaction in connection with a residential mortgage, except for a bank . . . organized under the laws of this state, another state, or the United States. . . .

> Ohio Rev. Code § 1345.01(H)-(K).

argue that the Court should not allow HSBC Bank to hide behind the exclusion in the statute when it is not clear who actually holds the loan.

The complaint states that HSBC Bank is "the owner and holder of a certain promissory note." Compl. ¶ 1. The caption indicates that HSBC Bank is trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the registered holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-HE2, asset-backed pass-through certificates. A trustee is personally liable to third persons on obligations incurred in the administration of the trust to the same as if he were the absolute owner of the property. RESTATEMENT (SECOND) OF TRUSTS § 261 ("The trustee is subject to personal liability to third persons on obligations incurred in the administration of the trust to the same extent that he would be liable if he held the property free of trust.") Liability may be imposed on a trustee for contracts made by the trustee for the benefit of the trust estate. *Crane v. Disabled American Veterans of the World War*, 31 N.E.2d 116 (1st Dist. 1940). Liability also may be imposed for torts committed by the trustee. OH. JUR. 3D § 501.

A review of the signed Agreement shows that a representative of Ocwen Loan Servicing, LLC signed the Agreement as attorney in fact for HSBC Bank. HSBC Bank entered into the loan modification agreement as trustee. As a result, defendants, under normal circumstances, could maintain an action against HSBC Bank based on the agreement. However, because HSBC Bank is not subject to the Ohio Consumer Sales Practices Act, defendants' counterclaim against it must be dismissed.

For the reasons stated above, plaintiff HSBC Bank's March 2, 2010 motion to dismiss defendants Lawrence and Beth Paglioni's counterclaim (doc. 14) is GRANTED.

s/ Mark R. Abel<br>
United States Magistrate Judge