IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HSBC Bank USA, N.A., | : | |
| Plaintiff | : | Civil Action 2:09-cv-01135 |
| v. | : | |
| Lawrence Paglioni, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Court on the August 6, 2010 motion for summary judgment of plaintiff HSBC Bank, USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-HE2, Asset Backed Pass-Through Certificates (doc. 25).

Background. On November 30, 2009, plaintiff filed its complaint in the Franklin County Court of Common Pleas seeking judgment on the unpaid principal balance of a mortgage loan. Defendants Lawrence and Beth Paglioni removed this action to this Court. The Paglionis were defendants in a prior foreclosure case that was resolved by the Settlement and Release Agreement. *See* doc. 25-3. As part of the settlement, a loan modification agreement was entered into by the parties. According to plaintiff,

1

defendants have defaulted on their mortgage obligation by failing to make payments as required by the note and mortgage.

<u>Arguments of the Parties</u>. Plaintiff maintains that it is entitled to summary judgment because there is no genuine issue as to any material fact. Plaintiff is the holder of a valid promissory note and mortgage. The promissory note and mortgage deed contain provisions granting plaintiff the absolute legal right to accelerate and call due the entire unpaid principal balance and any expenses associated with the enforcement of the promissory note upon default in payment. Plaintiff maintains that defendants defaulted on their mortgage obligation by only making the first payment under the loan modification and settlement agreement entered into to resolve the original foreclosure action.

In opposition to plaintiff's motion for summary judgment, defendants maintain that there is a genuine issue of material fact concerning the amount that they owe. Defendants argue that the complaint states that the sum of $514,098.55 is due, although the motion for summary judgment asserts that $947,088.79 is due and owing. Defendants acknowledge that there was a loan modification issued to defendants where the principal sum owed was modified to $947,088.79, yet defendants rely on the fact that plaintiff's prayer for judgment indicates that the sum of $514,098.55 is owed.

<u>Summary Judgment</u>. Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes,

3

the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson,* 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

<u>Discussion</u>. Plaintiff submitted the following documents to support its motion for summary judgment:

- An August 31, 2006 interest only period adjustable rate note for the property and corresponding mortgage for the property located at at 5800 Leven Links Court, Dublin Ohio 43017 (Exhibits A & B);
- A settlement and Release Agreement (Exhibit C);
- Loan modification documents (Exhibit D); and,
- A record of payments (Exhibit E).

Plaintiffs also submitted the affidavit of Gina Gibson, an employee of Ocwen Loan Servicing, LLC, which stated that based on her review of defendants' transaction history and the loan origination file, defendants made the down payment required of the settlement and loan modification agreement but failed to make any further payments. Ms. Gibson stated that defendants have defaulted on their mortgage obligation by failing to make payments as required by the note and mortgage. She further stated that an unpaid principal balance of $947,088.79 with an interest rate of 5.5% per annum from September 1, 2008 and additional sums advanced by plaintiff pursuant to the terms of the mortgage deed for real estate taxes, hazard insurance premiums and property protection are presently due and owing.

Despite defendants attempt to show that a genuine issue of a material fact exists, defendants failed to present any evidence demonstrating that the amount due and owing is not $947,088.79. Instead, defendants point to an apparent typographical error in plaintiff's prayer for judgment, in which plaintiff sought $514,098.55 rather than $947,088.79. However, the complaint states that "plaintiff is the holder of a Loan Modification Agreement effective November 1, 2008 where in the original principal balance of $840,000.00 was increased to $947,088.79." Compl. at ¶ 2. A copy of the loan modification agreement was attached to the complaint. It is simply disingenuous for defendants to argue that the amount due is anything other than $947,088.79. Defendants have presented no evidence to indicate that they have made any payments toward the balance of their loan or that the documents themselves are somehow inaccurate. Because defendants have failed to come forth with any evidence demonstrating a question of material fact, plaintiff's motion for summary judgment is granted.

<u>Conclusion</u>.  The August 6, 2010 motion for summary judgment of plaintiff HSBC Bank, USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-HE2, Asset Backed Pass-Through Certificates (doc. 25) is GRANTED.

The Court enters JUDGMENT on Plaintiff's Promissory Note in the amount of $947,088.79, plus interest at the note rate of 5.5% from September 1, 2008 and as adjusted pursuant to the terms of the note together with its advances made pursuant to the terms of the mortgage for sums for real estate taxes, hazard insurance premiums,

and property protection. It is further ORDERED that the defendant/obligors, unless discharged in bankruptcy, are adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto; that the equity of redemption and dower of all parties in and to the premises described in Plaintiff's Answer and Counterclaim are foreclosed and they are barred from asserting any claim, right, title or interest thereto; and that all liens be marshaled, the property appraised, advertised and sold according to law and the proceeds from said sale distributed in accordance with the Final Decree of Foreclosure and Judgment Entry to be submitted.

s/ Mark R. Abel
United States Magistrate Judge
